IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM D. MORRIS | § | PLAINTIFF |
| | § | |
| V. | § | CAUSE NO. 1:10cv389-LG-RHW |
| | § | |
| DONALD W. MEDLEY and LOWELL | § | |
| H. BECRAFT | § | DEFENDANTS |

### MEMORANDUM OPINION AND ORDER GRANTING
### MOTION TO AMEND AND SECOND MOTION TO DISMISS
### AND DENYING FIRST MOTION TO DISMISS,
### MOTION FOR DEFAULT JUDGMENT, AND MOTION TO STRIKE

BEFORE THE COURT are Defendants Donald W. Medley, *pro se*,[1] and Lowell H. Becraft's [18] Motion to Dismiss, Becraft's [20] Motion to Dismiss for Lack of in Personam Jurisdiction, *pro se* Plaintiff William D. Morris's [25] Motion for Default Judgment, [27] Motion Regarding Becraft Filings, and [29] Motion to Amend Complaint. Morris filed this action against lawyers Medley and Becraft for allegedly releasing information about him that puts his life in danger. Defendants argue (1) the Complaint fails to state a claim upon which relief can be granted, and (2) there is no personal jurisdiction over Becraft. Morris seeks (3) Default Judgment, (4) asks the Court to strike all of Becraft's motions, and (5) seeks to amend the Complaint. The Court has considered the parties' submissions and the relevant legal authority. The motion to amend and the motion to dismiss Becraft for lack of personal jurisdiction is granted. The remaining motions are denied.

---

[1]Medley is a lawyer. He represents himself *pro se* and Becraft. Magistrate Judge Walker denied a [2] motion to disqualify Medley from representing Becraft.

## FACTS AND PROCEDURAL HISTORY

According to Morris's pleadings, he brings a diversity action against Medley, a Mississippi resident, and Becraft, an Alabama resident. Morris alleges he is currently incarcerated in Texas. Medley and Becraft both represented a client before the Court in a criminal matter. Medley appeared as local counsel and Becraft appeared pro hac vice. That matter, *United States v. Arceneaux*, is currently on appeal to the Fifth Circuit Court of Appeals. Judge Gex revoked Becraft's pro hac vice status at the sentencing hearing. Subsequently Areceneaux and his attorneys disputed whether an issue should be appealed. For that disagreement, Becraft blamed Morris, who was incarcerated with Arceneaux. Morris alleges that Becraft set about a retaliatory course of conduct against Morris, illegally exposing confidential information about him with the intent of harming him. He alleges this was also done to keep him from letting Judge Gex know that Becraft was disobeying his Order by being involved in the appeal.

## DISCUSSION

MOTION TO AMEND

Morris seeks leave to file an amended Complaint. Medley does not object. Becraft's only objection is that there is no personal jurisdiction over him. Morris is allowed to file his First Amended Complaint. It shall be filed on or before March 25, 2011. The Court will still consider separately whether or not it has personal jurisdiction over Becraft.

MOTIONS TO DISMISS

    I.    FAILURE TO STATE A CLAIM

Defendants first filed a Motion to Dismiss the Complaint pursuant to Rule 12(b)(6) for failure to state a claim. Because Morris has been granted leave to file his First Amended Complaint, this motion is denied as moot.

II.     PERSONAL JURISDICTION

Becraft contemporaneously filed a motion to dismiss for lack of personal jurisdiction. Becraft asserts there is no personal jurisdiction over him under the Mississippi Long Arm Statute, arguing he did not commit the tort here nor do business here.

"The plaintiff bears the burden of establishing personal jurisdiction but is required to present only *prima facie* evidence." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006). All relevant factual disputes are resolved in Plaintiff's favor. *Id.* "A federal district court sitting in diversity may exercise personal jurisdiction over a foreign defendant if (1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution." *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010). Becraft challenges the first inquiry.

The Mississippi Long Arm Statute provides:

Any nonresident person . . . who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code Ann. § 13-3-57.  The "doing business" and contract prongs may not be utilized by nonresident plaintiffs. *Submersible Sys. v. Perforadora Cent., S.A. de C.V.*, 249 F.3d 413, 418 (5th Cir. 2001).  Morris is a Texas resident; therefore, only the tort prong may be used.

The only connection Mississippi is alleged to have to this action is when Becraft, an Alabama resident, allegedly mailed, from Alabama, copies of the offending correspondence to Medley in Mississippi.  Morris does not complain of the publication of the offending material to Medley.  Rather Morris alleges he was harmed when this material was published in Louisiana and Texas.  Moreover, he does not allege that Medley was part of a conspiracy with Becraft nor that Medley used those copies in furtherance of any such conspiracy.  Therefore, the act of mailing the letters to him in Mississippi did not form part of the alleged tort.  Because Morris does not allege Becraft committed a tort in part or in whole in this State, the Mississippi Long Arm Statute does not confer jurisdiction upon him.  For this reason, Medley has not shown a prima facie case of personal jurisdiction over Becraft in this lawsuit.  He is therefore dismissed without prejudice.

MOTION FOR DEFAULT JUDGMENT

Morris argues that Defendants untimely answered the original Complaint, claiming that even though they timely filed motions to dismiss they untimely served copies upon him.  Specifically, the deadline for a responsive pleading was September 13.  The motions to dismiss were filed September 10, but he claims they were not mailed to him until September 14.  Defendants have not responded.

Before Defendants' response was due, Morris sought leave to amend his Complaint. Therefore, the Motion for Default Judgment as to the original Complaint is moot. He has been granted leave to file his First Amended Complaint.

MOTION TO STRIKE

Finally, Morris asks the Court to "strike from the record ALL motions filed by Lowell H. Becraft, Jr." Morris argues that Becraft's motions should be stricken because Judge Gex prohibited him from practicing in this Court. He has not responded.

Becraft appeared pro hac vice in the *Arceneaux* case. Because he failed "to appear at his client's sentencing hearing after being duly noticed and specifically advised by [Judge Gex] to appear," his pro hac vice status was revoked and he was "barred from practicing in this Court without the specific permission of the Court." *United States v. Arceneaux*, No. 1:08cr135-WJG-RHW, Dkt. 43.

Becraft appears in this case as a named defendant, represented through counsel. Therefore, he is not practicing before this Court in the instant matter. Even if he were representing himself *pro se*, his appearance before the Court is as a litigant. This motion is denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that for the reasons stated above, Defendants Donald W. Medley, *pro se*, and Lowell H. Becraft's [18] Motion to Dismiss should be and is hereby **DENIED AS MOOT.**

**IT IS FURTHER ORDERED AND ADJUDGED** that Becraft's [20] Motion to Dismiss for Lack of in Personam Jurisdiction should be and is hereby **GRANTED.**

He is dismissed without prejudice.

**IT IS FURTHER ORDERED AND ADJUDGED** that *pro se* Plaintiff William D. Morris's [25] Motion for Default Judgment should be and is hereby **DENIED AS MOOT.**

**IT IS FURTHER ORDERED AND ADJUDGED** that Morris's [27] Motion Regarding Becraft Filings should be and is hereby **DENIED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that Morris's [29] Motion to Amend Complaint should be and is hereby **GRANTED.**  Morris shall file the First Amended Complaint on or before March 25, 2011.

**SO ORDERED AND ADJUDGED** this the 24th day of February, 2011.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE